**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-10643 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00186-PMP-PAL-1 |
| v. | |
| POWER COMPANY, INC., DBA The Crazy Horse Too and FREDERICK JOHN RIZZOLO, AKA Rick Rizzolo, | MEMORANDUM[*] |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Argued and Submitted April 14, 2015
San Francisco, California

Before: SCHROEDER and N.R. SMITH, Circuit Judges and KRONSTADT,[**] District Judge.

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The Honorable John A. Kronstadt, District Judge for the U.S. District Court for the Central District of California, sitting by designation.

Appellant Frederick John Rizzolo ("Rizzolo")[1] has appealed the order of the

district court denying his motion to deem satisfied certain of his restitution, fine

and forfeiture obligations to the United States. We have jurisdiction under 28

U.S.C. § 1291. *See United States v. Carter*, 742 F.3d 440, 445 (9th Cir. 2014). We

affirm.[2]

Because the parties are familiar with the facts, we do not recite them in

detail.  After Rizzolo pleaded guilty, personally and on behalf of his business

Power Company, Inc., to tax fraud and racketeering conspiracies, the United States

took title to property owned by Rizzolo, including an adult entertainment club and

the real property on which it was located. The United States did so pursuant to an

order of substitution of forfeiture issued under 18 U.S.C. § 1963(m). At the time of

the forfeiture, the parties and the district court anticipated that the United States

would sell the club and the real property. They also expected that any resulting

---

[1]Although both Rizzolo and Power Company, Inc., d/b/a The Crazy Horse Too ("Power Company") are identified as appellants in the Notice of Appeal, the parties' briefs identify Rizzolo as the only appellant.

[2]Rizzolo has also filed a motion to strike dehors the record certain statements made by the United States at oral argument. That motion is denied.

proceeds that exceeded the amount of what was owed to third parties would be applied to Rizzolo's restitution, fine and monetary forfeiture obligations.[3]

Rizzolo claims that, after the United States took title to the property, it failed to renew valuable licenses associated with the adult entertainment club. He also claims that the loss of these licenses caused a very significant reduction in the value of the club. Rizzolo argues that the United States should have done more than seek potential purchasers during the 10-month period from the time it took title to the club to the time the licenses expired. Thus, he contends that the United States should have operated the club through a receiver or other third party in order to maintain its value by renewing the licenses. On these grounds, he contends that the district court should have found that the United States breached the plea agreement and engaged in waste. Rizzolo contends that the amount of this alleged waste should have been credited against his outstanding obligations, and that crediting this amount would satisfy all of them.

The district court did not commit clear error in determining that the United States did not breach the plea agreement. *See United States v. Salemo*, 81 F.3d

---

[3]At oral argument, counsel for Rizzolo waived the argument that these obligations were satisfied due to the market value of the property at the time of substitution.

1453, 1460 (9th Cir. 1996).[4] Nor did the district court clearly err in determining that Rizzolo failed to show that the diminution in value of the club was caused by the loss of the licenses, or that the licenses would have been preserved if the United States had made additional or earlier efforts to maintain them.[5]

The district court also did not clearly err in determining that Rizzolo did not experience a material change in economic circumstances that might affect his ability to pay restitution. *See United States v. Waknine*, 543 F.3d 546, 555 (9th Cir. 2008). In his reply brief below, Rizzolo made claims about his income, net worth and occupation. However, none was supported with evidence. It was not error to reject these unsupported claims in light of Rizzolo's ability to earn income, as well as his history of concealing assets.

For these reasons, we **AFFIRM**.

---

[4]Although Appellant's counsel argued that the standard of review is abuse of discretion, because a factual issue is presented clear error review is proper. *United States v. Ajugwo*, 82 F.3d 925, 928 (9th Cir. 1996).

[5] The district court did not reach Rizzolo's argument that the restitution, fine, and forfeiture obligations imposed an excessive fine in violation of the Eighth Amendment. It was not necessary for the district court to do so because this argument was premised on the factual claims that the district court rejected, *i.e.*, that the United States breached the plea agreement and engaged in waste. Because we affirm the district court, we also do not reach this argument.